IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DUKHAN MUMIN, | |
| Plaintiff, | **8:25CV440** |
| vs. | |
| DOUGLAS D. GRIESER, DONALD L. KNOWLES, JOHN FRIEND, DONALD KLEINE, CRYSTAL RHOADES, DOUGLAS COUNTY NEBRASKA, LANCASTER COUNTY NEBRASKA, and STATE OF NEBRASKA, | **MEMORANDUM AND ORDER** |
| Defendants. | |

This matter is before the Court on Plaintiff Dukhan Mumin's Complaint filed on July 7, 2025. Filing No. 1. Plaintiff is a non-prisoner, is not represented by counsel, and proceeds in forma pauperis. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be a considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF COMPLAINT

Plaintiff sues Douglas D. Grieser,[1] Donald L. Knowles, and John Friend, in their individual capacities; Donald Kleine, in his official and individual capacity; Crystal Rhoades; Douglas County, Nebraska; Lancaster County, Nebraska; and the State of Nebraska, claiming the defendants have violated

---

[1] The spelling "Grieser" is corrected to "Grieser" in this opinion.

his constitutional rights by enforcing child support orders in the district courts of Douglas and Lancaster counties. Plaintiff's complaint is vague and difficult to understand without first recognizing Plaintiff's name change,[2] and reviewing the Douglas County child support case,[3] the Lancaster County marriage dissolution case,[4] and Plaintiff's state case against Friend and Douglas County. Nebraska.[5] Having considered Plaintiff's allegations in this forum in the context of the state court files, the following summarizes Plaintiff's claims.

In 1985, Knowles was the Douglas County Attorney. Grieser, a Douglas County Deputy County Attorney, filed a petition in the Douglas County District Court for an order requiring Plaintiff to pay child support for his then-minor son, Wesley Kitt, Jr. *Kitt v. Kitt*, CI109145548, Doc. 844, No. 825 (Douglas Cty. Dist. Ct.). When Plaintiff did not respond to the petition, Grieser moved for default. Filing No. 1 at 43-44. Grieser sent the motion to Plaintiff by certified mail. Filing No. 1 at 30. Plaintiff alleges he was not served with the notice of hearing. He claims Grieser forged his signature on a certified mail return receipt and did not file the proof of service. Filing No. 1 at 2.

Friend, the Clerk of the Douglas County District Court at the time, knew Grieser failed to file a copy of the proof of service, but he did nothing to stop the matter from proceeding. Filing No. 1 at 3. Having received no notice of the default hearing, Plaintiff did not attend. Douglas County District Judge Carlson therefore entered a judgment of default on October 1, 1985, ordering Plaintiff to pay $150.00 per month in child support. *Kitt v. Kitt*, CI109145548,

---

[2] In 1994, Plaintiff's name was changed from Wesley E. Kitt to Dukhan Iqraa Jihad Mumin. *In Re: Wesley E. Kitt*, Doc. 930, page 885 (Douglas Cty. Dist. Ct. August 17, 1994).
[3] *Kitt v. Kitt*, CI109145548, Doc. 844, No. 825 (Douglas Cty. Dist. Ct.).
[4] *Kitt v. Kitt*, CI989015432 (Lancaster Cty. Dist. Ct.).
[5] *Mumin v. Friend*, CI21-6163 (Douglas Cty. Dist. Ct. June 8, 2021) (hereafter Douglas Cty. Friend case), *aff'd*, *Mumin v. Friend*, A-21-648 (Neb. Ct. App. Feb. 22, 2022).

Doc. 844, No. 825 (Douglas Cty. Dist. Ct. October 1, 1985). Plaintiff has been paying child support since the order was entered. The State has been garnishing Plaintiff's wages, and confiscating his government stimulus money, tax returns, workers compensation money, retirement funds, and other funds to pay child support arrearages. Plaintiff has been threatened with suspensions and incarceration for being late on support payments. Filing No. 1 at 2.

Plaintiff filed a petition for dissolution of marriage in Lancaster County, Nebraska on November 21, 1990, asking that "no alimony or child support be granted to either party at this time." Filing No. 1 at 40-41. The Lancaster County District Judge convened a hearing with Plaintiff in attendance, entered a divorce decree and within it, ordered Plaintiff to pay child support. *Kitt v. Kitt*, CI989015432 (Lancaster Cty. Dist. Ct. Nov. 12, 1991).

On August 27, 1992, Plaintiff signed written consents for automatic income withholding to pay his $150 per month child support obligation. Filing No. 1 at 37-38.

On June 8, 2021, Plaintiff sued Friend, in his individual and Official capacity as Clerk of the Douglas County District Court; Douglas County, Nebraska; and Logan Hoagland, claiming the Douglas County child support decree was not file-stamped, was therefore void. Plaintiff alleged Friend and Douglas County wrongfully collected child support on the void decree, and Hoaglund failed to make any effort to correct the problem. *Mumin v. Friend*, CI21-6163 (Douglas Cty. Dist. Ct. June 8, 2021). On July 30, 2021, Plaintiff's claims were dismissed, the court holding that the 1985 decree was properly entered. *Id.* Plaintiff appealed the decision, which was affirmed on February 22, 2022. with the mandate entered on March 28, 2022. *Mumin v. Friend*, A-21-648 (Neb. Ct. App. Feb. 22, 2022).

4

Plaintiff moved to set aside his Lancaster County divorce decree on December 22, 2021, claiming the court lacked personal and subject matter jurisdiction over his marriage dissolution, and child support should not have been ordered because there was already an existing order for child support. *Kitt v. Kitt*, CI989015432 (Lancaster Cty. Dist. Ct. Dec. 22, 2021). That motion was denied. *Id*., January 4, 2022.

Rhoades replaced Friend as Clerk of the Douglas County District Court on January 3, 2023. On March 10, 2023, Plaintiff moved to vacate the 1985 child support decree, arguing he was never notified of the child support proceedings against him prior to its entry. By then, Kleine was the Douglas County Attorney and an attorney from his office opposed the motion. That motion was denied on June 21, 2023. Plaintiff appealed the ruling. The Nebraska Court of Appeals dismissed the appeal and entered its mandate on December 11, 2023. *Kitt v. Kitt*, CI109145548, Doc. 844, No. 825, (Douglas Cty. Dist. Ct.).

Plaintiff claims Grieser forged the certified receipt for proof of service and did not file it, thereby hiding the forgery from Plaintiff, Filing No. 1 at 2; Knowles, the Douglas County Attorney at the time, failed to adequately train and supervise Grieser, Filing No. 1 at 2-3; and Friend knew the proof of service was not filed but nonetheless filed the 1985 child support decree signed by Judge Carlson. Filing No. 1 at 3. Plaintiff sues Kleine, claiming he failed to train and supervise the attorneys from his office who opposed Plaintiff's 2023 motion to vacate the fraudulently obtained 1985 child support. Filing No. 1 at 3-4. Plaintiff sues Rhoades claiming that like Kleine, she refused to make any effort to void the order in the court's record despite Plaintiff's complaints. Filing No. 1 at 3-4, 6. Plaintiff sues Lancaster County for failing to properly train and supervise its employees who allowed entry of a second child support

order for the same child. Filing No. 1 at 6-7. And he sues the State of Nebraska because he submitted his complaints to the State's Risk Management department, and his claim was denied. Filing No. 1 at 7-8.

Plaintiff seeks compensation in an amount of $5,000 per day since the inception of the Douglas County child support decree entered in 1985, and $5,000 per day since the inception of the Lancaster County child support order entered in 1992. He further requests an order requiring the defendants to notify all state and federal agencies that the current child support orders from Douglas County and Lancaster County are invalid and unenforceable, and to cease and desist from any other garnishment proceedings going forward. Filing No. 1 at 8.

### III. DISCUSSION

Plaintiff's complaint alleges he is entitled to recover from the defendants for violations of his constitutional rights, and on state law claims of fraud and negligence. His claims will be dismissed for lack of subject matter jurisdiction and/or abstention.

### A. Subject Matter Jurisdiction

"The domestic relations exception, first articulated in *Barber v. Barber*, 62 U.S. [582 (1858)], divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child support. . . ." *Wallace v. Wallace*, 736 F.3d 764, 766 (8th Cir. 2013)(refusing to exercise diversity jurisdiction); *see also Robinson v. Eng*, 989 F.2d 505 (8th Cir. 1993) (unpublished) (citing *Ankenbrandt v. Richards*, 504 U.S. 689 (1992) and holding claims under 42 U.S.C. § 1983 over the custody of children are not subject to federal jurisdiction)); *Davison v. State of Ark.*, 989 F.2d 504 (8th Cir. 1993) (unpublished) (holding federal court lacks subject matter jurisdiction over § 1983 claims related to the division of marital assets). Claims that are

6

inextricably intertwined with state domestic relations are beyond the scope of federal jurisdiction. *Wallace,* 736 F.3d at 767 (citing *Kahn v. Kahn,* 21 F.3d 859 (8th Cir. 1994)).

> [A] federal suit is "inextricably intertwined" with a state domestic proceeding, thereby depriving the federal court of subject matter jurisdiction, where the requested federal remedy overlaps the remedy at issue in the state proceeding. . . . This occurs where the federal suit involves a remedy which is essentially domestic— where, in addressing the same conduct involved in a state domestic proceeding, the effect of a remedy in the federal suit is to modify, nullify, or predetermine the domestic ruling of the state proceeding.

*Id.* Claims are intertwined when "the relief requested in the federal action would effectively reverse the state court decision or void its ruling." *Bechtold v. City of Rosemount,* 104 F.3d 1062, 1065 (8th Cir. 1997).

Plaintiff asks this Court to hold that the Douglas County and Lancaster County child support orders are invalid and unenforceable. His damage claims rest on finding the child support orders are void—that the Douglas County child support decree and the Lancaster County marriage dissolution order were entered, enforced, and not set aside in violation of federal constitutional law and Nebraska law. Under current Eighth Circuit law, this Court lacks subject matter jurisdiction over Plaintiff's claims. *Sturgeon v. Benton,* 242 F.3d 376 (8th Cir. 2000) (citing *Kahn* and holding that under the domestic relations exception, the federal court lacked jurisdiction over federal civil rights claims challenging unsuccessful state court modifications to a divorce decree); *Davison,* 989 F.2d at 504 (holding that under the domestic relations exception, the court lacked subject matter jurisdiction over Plaintiff's § 1983 claims against the state, prosecuting attorneys, county sheriff, clerk of the court, and his ex-wife who allegedly conspired to deprive him of marital property during

divorce proceedings, and delayed hearings and court proceedings, and falsely arrested him).

## B. *Rooker-Feldman*[6] Doctrine

The domestic relations exception is arguably inapplicable to this case, however, despite *Davison* and *Sturgeon*, because Plaintiff's case is filed in this forum based on federal question jurisdiction. While *Wallace* broadly states that federal courts lack subject matter jurisdiction in domestic relations cases, *Wallace*, 736 F.3d at 766, *Wallace* was a diversity case. The Eighth Circuit did not and was not required to decide whether the domestic relations exception divests the court of federal question jurisdiction, and it had previously acknowledged "it is unclear whether the domestic-relations exception applies to cases brought under the federal-question statute." *Ruffalo by Ruffalo v. Civiletti*, 702 F.2d 710, 717–18 (8th Cir. 1983).

After *Ruffalo* was decided, *Ankenbrandt v. Richards*, 504 U.S. 689 (1992), held that the domestics relation exception is an exception to diversity jurisdiction and "does not exclude domestic relations cases from the jurisdiction otherwise granted by statute to the federal courts." *Id.* at 695. *Davison* and *Sturgeon* were decided after *Ankenbrandt,* and they apply the domestic relation exception to federal question cases, but they are unpublished decisions. And while the Eighth Circuit has held that the "domestic relations exception" is inapplicable when the district court's jurisdiction rests on 18 U.S.C. § 3231, and not diversity, *United States v. Crawford*, 115 F.3d 1397, 1401–02 (8th Cir. 1997), this Court's research has not unearthed a published Eighth Circuit case directly stating whether the domestic relations exception applies to cases invoking only federal question jurisdiction.

---

[6] *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

Following *Ankenbrandt*, the majority of circuits have held that the domestic relations exception applies to only diversity jurisdiction, and not federal question jurisdiction.[7] *See O'Bryant v. New Jersey Div. of Child Prot. & Permanency*, 818 F. App'x 143, 145 (3d Cir. 2020) (explaining the domestic relations exception is an exception to federal diversity jurisdiction and inapplicable to claims that invoke federal question jurisdiction); *Deem v. DiMella-Deem*, 941 F.3d 618, 621 (2d Cir. 2019) (holding the domestic relations exception does not apply to suits that assert jurisdiction by pleading a federal question); *Atwood v. Fort Peck Tribal Court Assiniboine*, 513 F.3d 943, 946–47 (9th Cir. 2008) (the domestic relations exception applies only to the diversity jurisdiction statute, not cases based on federal question jurisdiction); *Johnson v. Rodrigues (Orozco)*, 226 F.3d 1103, 1111 (10th Cir. 2000) (stating the domestic relations exception does not apply to cases where a federal court has

---

[7] The district courts within the Eighth Circuit do not fully agree on whether the domestic relations exception applies to cases invoking federal question jurisdiction. *Compare Rosberg v. Rosberg*, No. 8:21CV152, 2021 WL 2210602, at *3 (D. Neb. June 1, 2021) (Kopf, J.) (holding that under the domestic relations exception, the federal court lacked jurisdiction to decide the plaintiff's constitutional claims over child custody); *Kitchen v. Developmental Servs. of Nebraska, Inc.*, No. 8:20CV08, 2021 WL 1531599, at *2 (D. Neb. Apr. 19, 2021) (Bataillon, J.) (stating the domestic relations exception disallows domestic claims "cloaked in the 'trappings' of" a federal claim)(quoting *Mandel v. Town of Orleans*, 326 F.3d 267, 271 (1st Cir. 2003)); *Rosenbaum v. Kissee*, No. 1:16-CV-56, 2017 WL 11496952, at *1 (E.D. Ark. Dec. 20, 2017) (holding the domestic relations exception applies when a case is brought under federal question jurisdiction); *Bower v. Christian Cnty.*, No. 14-cv-3202, 2014 WL 12694152, at *3 (W.D. Mo. Sept. 5, 2014) (holding the domestic relations exception limits federal jurisdiction in both diversity and federal question cases); *King v. Finney*, No. 4:11-CV-963, 2011 WL 4954001, at *10 (E.D. Mo. Oct. 18, 2011) (finding no bar in applying the domestic relations exception even if federal question subject matter jurisdiction existed), *with Grazzini-Rucki v. Knutson*, No. 13-CV-2477, 2014 WL 2462855, at *12 (D. Minn. May 29, 2014), *aff'd* No. 14-2569 (8th Cir. Mar. 31, 2015) ("[T]he domestic relations exception does not apply because it is a limitation on diversity jurisdiction, and there is no diversity here."); *Rosenbrahn v. Daugaard*, 61 F. Supp. 3d 862, 867 (D.S.D.), *aff'd,* 799 F.3d 918 (8th Cir. 2015) (holding "the domestic relations exception only applies to this court's diversity jurisdiction, not its federal question jurisdiction").

9

jurisdiction because the case presents a federal question); *United States v. Bailey*, 115 F.3d 1222, 1231 (5th Cir. 1997) ("Because this case clearly arises under this Court's federal question jurisdiction, the domestic relations exception presents no bar. . . ."); *United States v. Johnson*, 114 F.3d 476, 481 (4th Cir. 1997) (holding the domestic relations exception "is applied only as a judicially implied limitation on the diversity jurisdiction; it has no generally recognized application as a limitation on federal question jurisdiction"). *See also Chevalier v. Est. of Barnhart*, 803 F.3d 789, 798 (6th Cir. 2015) (expressly disagreeing with the breadth of the exception as applied in *Wallace v. Wallace*, 736 F.3d 764, 766 (8th Cir. 2013), and *Friedlander v. Friedlander*, 149 F.3d 739 (7th Cir.1998)).

But even assuming the domestic relations exception does not divest this court of federal question jurisdiction, the *Rooker-Feldman* doctrine bars this Court's consideration of Plaintiff's claims. The *Rooker–Feldman* doctrine bars federal district court review of cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Here, the Douglas County District Court has considered and denied Plaintiff's motion to vacate the 1985 child support decree, holding:

> Mr. Mumin argued the judgment in this case should be vacated because the Summons was not properly served upon him. Mr. Mumin also argued the Default Action was not properly served upon him either. A review of the Return of Service for the Summons specifically states the "Service of Summons and Petition" was made on June 20, 1985, by Deputy Ernest Mackey, and "served personally upon the defendant." This personal service took place at 1919 Pinkney Street, Douglas County, Nebraska at 10:23 p.m. The current argument of Mr. Mumin is directly contradicted by this filing. The filing is closer in time to the actual

10

> time of service and therefore carries with it an indication of reliability.
>
> Additionally, Mr. Mumin argues he had no idea of the "Default action" in this case. However, Exhibit #1, contains a copy of the "receipt for certified mail" of the Motion and Notice for Default Judgment, which illustrates it was signed by "Wesley Kitt." This was the prior name of Mr. Mumin.
>
> The Court and Mr. Mumin were also made aware from the State of Nebraska, that the child support in this case only covers the child support from 1985 to 1991 and 14% interest on any unpaid balance, because the child support from 1991 on until the child's emancipation was covered by a separate Lancaster District Court order.
>
> The filed return of service and evidence before this Court directly refute Mr. Mumin's current assertions and arguments.

*Kitt v. Kitt*, CI109145548, Doc. 844, No. 825 (Douglas Cnty. Dist. Ct. June 21, 2023.). While in this federal case, Plaintiff again claims he lacked notice of the Douglas County default hearing, "there is no procedural due process exception to the *Rooker–Feldman* rule." *Snider v. City of Excelsior Springs, Mo.*, 154 F.3d 809, 812 (8th Cir. 1998).

In addition, the Nebraska Court of Appeals has considered and decided against Plaintiff on his claims against Friend and Douglas County, holding:

> Mumin's claims against the appellees were premised on his assertion that the decree was void because it was never file stamped. But the certified copy the appellees provided showed that the decree was, in fact, file stamped by the clerk of the district court at the time it was entered in 1985. . . . . [T]he reason he may have received [a version of the decree without a file stamp] does not change the fact that it was properly filed with the court at the time it was entered and was therefore valid and enforceable.

*Mumin v. Friend*, A-21-648 (Neb. Ct. App. Feb. 22, 2022).

Finally, the Lancaster County District Court refused to vacate the marriage dissolution order, including its child support provisions, holding:

> A further review of this file shows that on December 12, 2012, the petitioner filed a "Motion to Modify and Terminate" which for all

11

intents and purposes was identical to his present Motion to Vacate
filed December 22, 2021. The Motion to Modify filed in 2012 was
summarily dismissed by the Honorable Steve Burns as frivolous.
This is the petitioner's second attempt to collaterally alter an order
entered over thirty years ago.

*Kitt v. Kitt*, CI989015432 (Lancaster Cty. Dist. Ct. April 8, 2022).

Plaintiff's complaint asks this Court to revisit the decision in *Mumin v.
Friend*, A-21-648 (Neb. Ct. App. Feb. 22, 2022), and he asks to vacate not only,
the 1985 child support decree, and the 1991 marriage dissolution order, but
also the state orders denying Plaintiff's motions to vacate those prior decisions.
The *Rooker-Feldman* doctrine bars this Court from intervening and vacating
these state court rulings. *Sturgeon v. Benton*, 242 F.3d 376 (8th Cir. 2000)
(holding *Rooker-Feldman* bars the federal court from considering
constitutional challenges to adverse state decisions on modifications to a
divorce decree). *See also, Postma v. First Fed. Sav. & Loan of Sioux City*, 74
F.3d 160, 162 (8th Cir. 1996) (holding *Rooker–Feldman* bars federal
consideration even when the plaintiff argues his procedural due process rights
were violated by lack of notice in the state court action).

## C. *Younger* Abstention

As to the Douglas County child support decree, the Court must also
abstain under *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* abstention "does
not arise from lack of jurisdiction in the District Court, but from strong policies
counseling against the exercise of such jurisdiction where particular kinds of
state proceedings have already been commenced." *Ohio Civil Rights Comm'n
v. Dayton Christian Schs., Inc.*, 477 U.S. 619, 626 (1986). The motivating force
behind *Younger* abstention is the promotion of comity between state and
federal judicial bodies. *Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004).
Under *Younger*, a federal court should abstain from exercising jurisdiction in
cases where relief would interfere with pending state proceedings in a way that

offends principles of comity and federalism. *Aaron*, 357 F.3d at 774. Accordingly, abstention under *Younger* is appropriate where: (1) there are ongoing state judicial proceedings; (2) those state proceedings implicate important state interests; (3) the federal litigation will interfere with the state proceedings; and (4) the state proceedings provided the federal plaintiff with an adequate opportunity to raise the federal claims. *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005)(citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 32 (1982)).

Plaintiff again moved to vacate the 1985 child support decree on June 25, 2025, arguing substantially the same grounds presented in his federal complaint. The Douglas County District Court denied that motion on August 7, 2025, holding:

> The Defendant again argued that he was never served with the Notice of Default Judgment back in 1985. The Defendant has argued multiple versions of this argument over the years. The Defendant has now attached a Handwriting Expert's Opinion to his motion that the Defendant's signature on the certified mail receipt for service of the Notice of Default Judgment is not the Defendant's signature.
>
> The Court notes the Defendant did not file an appeal regarding the Decree entered on October 1, 1985. While the opinion of the Defendant's expert is more recent in time (September 11, 2024), the idea and argument that Defendant was not properly served and did not sign the certified mail receipt was available to argue and support back at the time a direct appeal in this case was to be conducted. As such, the Defendant's Motion to Vacate is denied.

*Kitt v. Kitt*, CI109145548, Doc. 844, No. 825 (Douglas Cnty. Dist. Ct. August 7, 2025). Plaintiff appealed this ruling on August 15, 2025, and the appeal is still pending. The Court must abstain from considering Plaintiff's claims to declare the 1985 child support decree void and to collect damages because the decree was entered and then enforced for the last four decades.

## IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B). The court must also dismiss a complaint when, as in this case, it lacks subject matter jurisdiction and abstention is warranted. For the reasons explained herein, this case must be dismissed.

Accordingly,

IT IS ORDERED:

1.    This matter is dismissed without prejudice.

2.    A separate judgment will be entered.


Dated this 2nd day of December, 2025.


BY THE COURT:

_____

John M. Gerrard
Senior United States District Judge